UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-200 |
| ORLEANS CRIMINAL DISTRICT COURT | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is Dashone Marcel Reynolds's petition for *habeas corpus*.[1] Also before the Court are Reynolds's related motions seeking to suppress evidence,[2] dismiss charges,[3] and enforce his right to a speedy trial in state court.[4] For the following reasons, the above motions are denied, and Reynolds's petition is dismissed.

## I. BACKGROUND

Reynolds is a pretrial detainee being held at the Orleans Justice Center on state criminal charges of second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and

---

[1]   R. Doc. 3.
[2]   R. Doc. 20.
[3]   R. Doc. 22.
[4]   R. Doc. 23.

obstruction of justice.[5] In a petition for *habeas corpus* under 28 U.S.C. § 2241, Reynolds asserts various constitutional violations in his state criminal proceedings, including: (1) an unconstitutional search and seizure; (2) an unlawful arrest that occurred two hours before his arrest warrant was issued; (3) the inability to exercise his right to a fair and speedy trial; (4) and the inability to confront state witnesses that testified over Zoom during his preliminary hearing.[6] In terms of relief, Reynolds seeks release from state detention,[7] and the dismissal of all pending state charges.[8] Reynolds additionally seeks to enforce his right to a speedy trial,[9] and to suppress evidence that he contends was seized in violation of his Fourth Amendment rights.[10] The State asserts that Reynolds's section 2241 petition should be dismissed because his claims are unexhausted, barred by *Younger* abstention, and lack merit.[11] The Court considers Reynolds's petition and supplementary motions below.

---

[5] R. Doc. 3 at 1; R. Doc. 16 at 2.
[6] R. Doc. 3 at 2-3; R. Doc. 22 at 1; R. Doc. 20 at 1; R. Doc. 23 at 1.
[7] R. Doc. 3 at 8.
[8] R. Doc. 22 at 1.
[9] R. Doc. 23 at 1.
[10] R. Doc. 20 at 1.
[11] R. Doc. 16.

## II. DISCUSSION

A petitioner that has not been convicted in state court may raise federal claims relating to his pretrial detention under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(d). Because Reynolds seeks injunctive and declaratory relief based on challenges to his ongoing state criminal proceedings, the Court must first determine if it must abstain from exercising jurisdiction. Under the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), the Court must decline to exercise jurisdiction where the requested relief would interfere with an ongoing state criminal proceeding. Nevertheless, if a petition demonstrates "extraordinary circumstances showing a threat of irreparable injury which is both great and immediate," then a court may exercise jurisdiction. *Kolski v. Watkins*, 544 F.2d 762, 764-65 (5th Cir. 1977); *see also Younger*, 401 U.S. at 45. But absent such extraordinary circumstances, "federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 37). The Fifth Circuit has held that the *Younger* abstention doctrine applies to writs of *habeas corpus* brought by pretrial detainees. *Kolski*, 544 F.2d at 766-67.

The Court must decline to exercise jurisdiction over a state criminal defendants' claims when three conditions are met: "(1) the federal

3

proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Brice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal quotation marks omitted)).

First, the federal proceeding must not "interfere with an 'ongoing state judicial proceeding.'" *Id.* at 716 (quoting *Middlesex*, 457 U.S. at 432). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id.* at 717 (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)). In *Younger,* the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding. 401 U.S. at 40. Like the movant in *Younger*, Reynolds is still being prosecuted.[12] As noted by both Reynolds and the State, Reynolds has yet to go to trial, and pretrial litigation of Reynold's alleged crimes "is

---

[12] R. Doc. 16 at 2.

currently in progress."[13] Thus, if the Court were to grant Reynolds's section 2241 petition and order his release—or order the dismissal of charges and suppression of evidence—the Court would interfere with the state court's ability to conduct its proceedings. *See Gibson v. Orleans Par. Sheriff*, 971 F. Supp. 2d 625, 630 (E.D. La. 2013) (finding that it would interfere with a state criminal proceeding if the court were to order the release of a pretrial detainee); *Tucker v. Reeve*, 601 F. App'x 760, 760 (10th Cir. 2015) (affirming the district court's application of *Younger* abstention to a section 2241 petitioner who asserted claims of excessive bond, denial of speedy trial, and illegal search and prosecution).

Second, the Court must also consider whether the State has "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). Louisiana is prosecuting Reynolds for second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and obstruction of justice, all of which are violations of Louisiana criminal statutes.[14] Accordingly, Louisiana has an important interest in regulating Reynolds's claim.

---

[13] *Id.*
[14] *Id.*

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). Here, Reynolds has an opportunity to raise his constitutional arguments in the Louisiana courts. *See Younger*, 401 U.S. at 49 ("A [criminal] proceeding was already pending in the state court, affording [the detainee] an opportunity to raise his constitutional claims."). In fact, Reynolds has already filed *pro se* motions in state court to quash his indictment and for a speedy trial.[15] Further, he will have the opportunity to appeal the state court's decision if convicted. The Court finds that this condition is satisfied.

Even if these requirements are met, a court may still exercise jurisdiction pursuant to several exceptions. *Tex. Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). The "narrowly delineated" *Younger* exceptions are as follows:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

---

[15] *Id.* at 4; R. Doc. 3 at 2-3.

*Id.* (citations omitted). Here, Reynolds does not challenge the constitutionality of a specific state statute, nor is there any indication that Louisiana has waived the application of the *Younger* doctrine or brought proceedings against Reynolds in bad faith.

In sum, the three enumerated factors under *Younger* are present. And although the Court may refuse to abstain if an exception to *Younger* applies, no such exception applies here. Accordingly, the Court must abstain from jurisdiction over plaintiff's section 2241 petition in accordance with *Younger v. Harris*.

### III. CONCLUSION

For the foregoing reasons, the Court must abstain from exercising jurisdiction over plaintiff's section 2241 petition. Accordingly, the Court DISMISSES WITH PREJUDICE Reynolds's petition for *habeas corpus* under 28 U.S.C. § 2241, and DISMISSES all outstanding motions.[16]

New Orleans, Louisiana, this __15th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16] R. Docs. 20, 22, & 23.